IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT OLDHAM, JR, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> TOM FELKER, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No C 08-2340 VRW (PR) <br><br> ORDER TO SHOW CAUSE <br><br> (Doc # 2, 4 & 5) |

  Petitioner, a state prisoner incarcerated at High Desert State Prison, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging a judgment of conviction from the Superior Court of the State of California in and for the County of Alameda . He also seeks leave to proceed in forma pauperis under 28 USC § 1915.

**BACKGROUND**

  On September 30, 2005, a jury found petitioner guilty of first degree murder and found true an allegation that he had intentionally and personally discharged a firearm, proximately causing the death of Andre Jackson. The jury also found petitioner guilty of possession of a firearm by a felon.

  On December 1, 2005, petitioner was sentenced to 50 years to life in state prison.

  On September 17, 2007, the California Court of Appeal affirmed the judgment of the trial court and denied petitioner's request for collateral relief.

  On December 19, 2007, the Supreme Court of California denied review.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

B.   Legal Claims

Petitioner seeks federal habeas corpus relief by raising the following claims: (1) there was insufficient evidence to prove premeditation and deliberation; (2) the trial court erred in denying petitioner's motion to suppress his coerced statements to the police; and (3) the trial court erred in permitting the courtroom bailiff to testify as a prosecution witness. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v Idaho, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   Petitioner's request to proceed in forma pauperis (doc # 2, 4 & 5) is GRANTED.

2.   The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

Dated: July 21, 2008

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.08\Oldham, R1.osc.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT OLDHAM JR,

        Plaintiff,

  v.

TOM FELKER, Warden,

        Defendant.

Case Number: CV08-02340 VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Oldham F-06175
CSP High Desert
C-5 230
P.O. Box 3030
Susanville, CA 96127

Dated: July 21, 2008

                              Richard W. Wieking, Clerk
                              By: Frank Justiliano, Deputy Clerk